BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

SARAH S. WILSON
Assistant Director

CHRISTINA P. GREER
Senior Litigation Counsel

    U.S. Department of Justice
    Civil Division
    Office of Immigration Litigation
    P.O. Box 878, Ben Franklin Station
    Washington, D.C. 20044
    Telephone: (202) 598-8770
    Christina.P.Greer@usdoj.gov

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Centro Legal de la Raza, *et al.*, | CASE NO. 3:21-cv-00463-SI |
|     Plaintiffs, | |
|   v. | JOINT STATUS REPORT AND [~~PROPOSED~~] ORDER |
| Executive Office for Immigration Review, *et al.*, | |
|     Defendants. | |

## STATUS REPORT

The parties by and through their undersigned counsel hereby notify the Court that the Rule at issue in this case, Appellate Procedures and Decisional Finality in Immigration Proceedings; Administrative Closure, 85 Fed. Reg. 81,588 (Dec. 16, 2020) ("the Rule"), remains under review by the Department of Justice ("Department"). The Department has represented to Plaintiffs that it has made progress in its review, as evidenced by the Rule's inclusion in the Executive Branch's Spring 2022 Unified Agenda of Regulatory and Deregulatory Actions. *See*

https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202204&RIN=1125-AB18.

    In the parties' June 21, 2022, status report, the Department noted the Supreme Court's recent

JOINT STATUS REPORT & [~~PROPOSED~~] ORDER
3:21-CV-00463 SI                                     1

decision in *Garland v. Aleman Gonzalez*, 142 S. Ct. 2057 (2022), and the parties stated that they would "provide the Court with their positions as to the applicability, if any, of the decision by or in their next status report." At this time the parties disagree as to the applicability of *Aleman Gonzalez* but agree that the case should remain in abeyance to allow the regulatory process to proceed.

The Department believes that the Supreme Court's interpretation of 8 U.S.C. § 1252(f)(1) renders the Court's preliminary injunction unlawful and likely also renders unlawful the Court's stay of the Rule's effective date under 5 U.S.C. § 705 because both orders "enjoin or restrain" the Department from implementing 8 U.S.C. §§ 1229a and 1229c through the Rule. *See Aleman Gonzalez*, 152 S. Ct. at 2064-65 (holding that section 1252(f)(1) prohibits lower courts from enjoining "the way that [a provision is] being carried out" (internal quotation marks omitted)). However, *Aleman Gonzalez* only directly addressed section 1252(f)(1)'s application to injunctive relief. The Supreme Court is currently considering section 1252(f)(1)'s application to "set aside" relief under 5 U.S.C. § 706(2) in *United States v. Texas*, No. 22-58 (U.S. cert. granted July 21, 2022), and the Department believes that a decision on that issue may address the types of remedies and orders barred by section 1252(f)(1), which would likely shed important light on the propriety of postponing an effective date under 5 U.S.C. § 705. Accordingly, the Department believes that any briefing on the propriety of the Rule's postponement should wait until the Supreme Court's decision. Given that the postponement of the effective date independently bars the government from implementing the challenged Rule, the Department believes it unnecessary and not in the interests of judicial economy to move to vacate the preliminary injunction at this time. The Department thus believes that the proceedings should remain in abeyance with the Court's preliminary injunction and effective date postponement in place.

Plaintiffs disagree with the Department's position on the applicability of 8 U.S.C. § 1252(f)(1) but agree that the proceedings should remain in abeyance with the Court's preliminary injunction and effective date postponement in place. Plaintiffs believe it would be a waste of judicial resources for the Court to consider the parties' competing interpretations of *Garland v. Aleman Gonzalez*, 142 S. Ct. 2057 (2022), and 8 U.S.C. § 1252(f)(1) at this time because the Supreme Court will issue an order in *United States v. Texas*, No. 22-58 (U.S. cert. granted July 21, 2022), that will almost certainly reshape the parties' positions. Furthermore, Plaintiffs anticipate that the Government will soon issue a new rule that

will inform the next stages of this litigation.

Given the parties' agreement that the proceedings should remain in abeyance to allow the regulatory process to proceed, the parties request that the Court continue the abeyance and propose submitting another joint status report in 90 days.

Respectfully submitted,

| By: | /s/ Naomi A. Igra | By: | /s/ Christina P. Greer |
|---|---|---|---|
| | Naomi A. Igra | | CHRISTINA P. GREER |
| | Litigation Counsel | | Senior Litigation Counsel |
| | Sidley Austin LLP | | U.S. Department of Justice, Civil Division |
| | 555 California Street, Suite 2000 | | P.O. Box 878, Ben Franklin Station |
| | San Francisco, CA 94104 | | Washington, DC 20044 |
| | Tel. (415) 772-7495 | | Tel. (202) 598-8770 |
| | Naomi.igra@sidley.com | | Christina.P.Greer@usdoj.gov |
| | *Counsel for Plaintiffs* | | *Counsel for Defendants* |

Dated: October 31, 2022

[PROPOSED] ORDER

The parties are ordered to submit a status report within 90 days of this order.

DATED: October  31 , 2022

_____
HON. SUSAN ILLSTON
United States District Judge